AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America <br> v. <br> Jesus Lopez <br><br> Defendant(s) | ) ) ) ) ) ) ) Case No. 24-1847 MJ |

**FILED**
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO
DEC 18 2024
MITCHELL R. ELFERS
CLERK OF COURT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **November 20, 2024** in the county of **Luna** in the
_____ District of **New Mexico**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) | Production of Child Pornography |

This criminal complaint is based on these facts:
See attached affidavit, incorporated herein by reference.

☒ Continued on the attached sheet.

_____
Complainant's signature

Jacob Espy, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 18 Dec 2024

_____
Judge's signature

City and state: Las Cruces, New Mexico    Damian L. Martinez, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Jacob Espy, having first been duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I am a Special Agent with Homeland Security Investigations (HSI) and have been so employed since August 2021. I am currently assigned to HSI's Deming, New Mexico office. My primary responsibilities include investigating criminal violations of the United States Code in the District of New Mexico. My experience in this position has included but is not limited to interviewing suspects, witnesses, and victims; executing arrests and searches; collecting and processing evidence; analyzing records and digital evidence. Additionally, I have completed advanced law enforcement training on the investigation of child exploitation crimes, and I have participated in numerous child exploitation investigations involving HSI and other state and federal law enforcement agencies. Throughout this investigation, I consulted with other law enforcement officers and agents who have extensive training and experience regarding the investigation of child exploitation crimes.

2. I submit this affidavit in support of a criminal complaint charging Jesus Lopez with one count of producing child pornography in violation of 18 U.S.C. § 2251(a).

3. The statements contained herein are based on my personal knowledge and observations; information provided to me by other law enforcement; lawfully obtained evidence; reviews of various documents, records, and reports; and interviews conducted by law enforcement.

4. Because I am submitting this affidavit for the limited purpose of establishing probable cause, it does not include every fact I know concerning the investigation. I have only set forth the facts I believe are necessary to establish probable cause.

5. Unless otherwise noted, all references herein to times and dates are approximate,

1

and all references herein to document contents and the statements of others are reported in substance and in part only.

## RELEVANT STATUTES

6. 18 U.S.C. § 2251(a) establishes that it is a federal crime to employ, use, persuade, induce, entice, or coerce any minor to engage in, or to have a minor assist any other person to engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct.

## LEGAL DEFINITIONS

7. *Child Pornography:* 18 U.S.C. § 2256(8) defines child pornography as "any visual depiction .. where (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct."

8. *Minor:* 18 U.S.C. § 2256(1) defines a minor as any person who has not attained the age of eighteen years.

9. *Visual Depiction:* 18 U.S.C. § 2256(5) defines a visual depiction as "undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format."

10. *Sexually Explicit Conduct:* 18 U.S.C. § 2256(2)(A) defines sexually explicit conduct as "actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality;

masturbation; sadistic or masochistic abuse; or lascivious exhibition of the anus, genitals, or pubic area of any person."

## STATEMENT OF PROBABLE CAUSE

11. Between November and December of 2024, a minor female hereafter referred to as "JV-1" reported the following information to law enforcement:

   a. Earlier in 2024, JV-1 entered into a romantic relationship with Jesus Lopez, who is employed as a police officer by the Deming Police Department.

   b. After the relationship began, JV-1 told Lopez that she was a minor on numerous occasions. JV-1 is seventeen years old.

   c. Throughout the relationship, JV-1 and Lopez engaged in sexually explicit conduct together.

   d. On multiple occasions, the sexually explicit conduct was recorded using JV-1's or Lopez's cell phone.

   e. Throughout the relationship, Lopez physically assaulted JV-1 on a regular basis. Examples include but are not limited to the following:

      i. On one occasion, JV-1 attempted to leave Lopez's residence in Deming, New Mexico during an argument. Lopez pulled JV-1 by her hair, blocked her from opening the front door, pushed her onto the ground, and told her to stay in the residence. JV-1 was unable to call anyone for help as this occurred because Lopez had taken her cell phone during the assault.

      ii. On one occasion, Lopez attempted to punch JV-1 in the face with a closed fist during an argument at Lopez's residence. JV-1 subsequently locked herself in Lopez's bathroom, and Lopez punched a hole through the door.

    JV-1 then opened the door, and Lopez grabbed her arm. JV-1 sustained a contusion as a result.

  iii. On one occasion, JV-1 and Lopez discussed the topic of JV-1 talking to other males at Lopez's residence. Lopez threatened to kill JV-1 and any such males. Lopez then retrieved a firearm from inside the residence, pointed it at JV-1, and stated that he knows how to hide dead bodies.

  iv. On one occasion, while JV-1 and Lopez were arguing at Lopez's residence, JV-1 locked herself in Lopez's bathroom. After JV-1 opened the bathroom door, Lopez pushed her in the chest using both arms, which knocked the wind out of JV-1 and caused her to fall into the shower. JV-1 sustained a contusion due to the fall.

12. During a consensual search of JV-1's cell phone, law enforcement located one video file depicting Lopez and JV-1 engaging in sexually explicit conduct, which is 4 minutes and 22 seconds in duration and was captured on November 20, 2024. Throughout the video, Lopez digitally stimulates JV-1's vulva and penetrates JV-1's vagina with his penis.

13. The video depicts a significant portion of Lopez's face, a distinctive tattoo on Lopez's chest, and a distinctive tattoo on JV-1's left hand. Investigators observed the same tattoo on JV-1's left hand while interviewing her in person, and the same tattoo on Lopez's chest while executing a state district court search warrant for Lopez's person.

14. The video was captured on JV-1's cell phone, which is an Apple iPhone 12. The Apple iPhone 12 is not manufactured in the United States.

15. During a post-*Miranda* interview with law enforcement, Lopez reported the following:

    a. Lopez entered into a romantic relationship with JV-1 in or about March of 2024, and he believed that she was at least eighteen years of age.

    b. Between approximately April and June of 2024, Lopez became aware that JV-1 had not yet attained the age of eighteen years. Lopez remained in the relationship with JV-1 after learning this.

    c. Throughout the relationship, JV-1 and Lopez engaged in sexually explicit conduct together.

    d. On multiple occasions, the sexually explicit conduct was video-recorded using JV-1's or Lopez's cell phone. One such video was recorded on JV-1's cell phone in November of 2024.

16. Based in part on the foregoing, New Mexico State Police charged Lopez with numerous state criminal offenses on December 4, 2024.

[continued on next page]

## CONCLUSION

17. Based on the above information, I respectfully submit that there is probable cause to believe that Jesus Lopez produced child pornography in violation of 18 U.S.C. § 2251(a).

Supervisory AUSA Marisa Ong approved prosecution in this case.

Respectfully Submitted,

Jacob Espy
Special Agent
Homeland Security Investigations

Electronically submitted and telephonically sworn to before me on

December 18, 2024.

THE HONORABLE DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

6